UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>) Docket no. 2:11-cr-00176-GZS |
| CRAIG HAMEL, | )<br>)<br>) |
| Defendant. | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Renewed Motion for Compassionate Release (ECF No. 138). Having reviewed this Motion, along with all of the other related filings (ECF Nos. 140 & 142) and the entire docket, the Court DENIES Defendant's Motion.

**I.    LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling" reasons that presently warrant a reduction in his sentence. See 18 U.S.C. § 3582(c)(1)(A)(i). In considering what qualifies as extraordinary and compelling, this Court has generally looked to U.S.S.G. § 1B1.13 & Application Note 1.[1] Beyond those Guideline definitions of extraordinary and compelling reasons, the Court acknowledges that at least eight circuits have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A). See United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020); United States

---

[1] See, e.g., United States v. Estrella, No. 2:15-cr-00032-GZS, 2019 WL 6689897 (D. Me. Dec. 6, 2019) (denying motion for compassionate release). The Court notes that based on a renewed, pandemic-related motion for compassionate release, Estrella was granted compassionate release. See United States v. Estrella, No. 2:15-cr-00032-GZS (D. Me. June 16, 2020).

v. Jones, 980 F.3d 1098, 1110 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1045 (10th Cir. 2021); United States v. Long, 997 F.3d 342, 355 (D.C. Cir. 2021).  It is not clear whether the First Circuit will adopt this approach, although it has affirmed a compassionate release denial from the District of Maine while noting with apparent approval that "the district court did consider other relevant circumstances not specifically enumerated in the guidelines en route to denying relief."  United States v. Fox, No. 19-1785 (1st Cir. July 23, 2020), *aff'g* No. 2:14-cr-00003-DBH, 2019 WL 3046086 (D. Me. July 11, 2019).  Given this backdrop, the Court reviews the entire record to consider whether a defendant presents any extraordinary and compelling reasons for a sentence reduction.

If the Court finds a defendant has established extraordinary and compelling reasons to reduce his sentence, the Court must next consider any applicable factors found in 18 U.S.C. § 3553(a).  See, e.g., United States v. Almeida, No. 2:11-cr-00127-DBH, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on § 3553(a) factors after finding that defendant's medical conditions qualified as extraordinary and compelling in light of the COVID-19 pandemic).  Critically, in exercising its discretion to grant any sentence reduction, the Court also considers "the need . . . to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C).

**II.    DISCUSSION**

Defendant Craig Hamel, now 38 years of age, has served close to half of his 18-month revocation sentence.  He is currently listed as Physical Care Level 1/Mental Health Care Level 1 by Bureau of Prisons.  Hamel is serving his sentence at Berlin FCI and has an estimated release

2

date of February 5, 2022.  Currently, Berlin FCI is reporting six confirmed active COVID-19 cases among inmates and two confirmed active cases among staff.  There have been no reported deaths of inmates or staff due to COVID-19 at this facility and a total of 176 inmates and 19 staff are listed as recovered.  Additionally, at Berlin FCI, 123 staff members and 511 inmates have been fully vaccinated to date.[2]

The Court acknowledges that the ongoing pandemic is an extraordinary event for our entire country and has been especially challenging for the Bureau of Prisons.  However, it is against this backdrop that a defendant must show individualized extraordinary and compelling reasons why he should not be required to serve the remainder of his sentence.  Here, Hamel initially cited his inability to get follow-up medical tests due to lockdowns imposed as a result of COVID-19 outbreaks.  In response to the Court's Order to Show Cause, Hamel has provided medical records that reflect medical care and advice he received between October 27, 2020 and January 13, 2021, when he was incarcerated at Cumberland County Jail.  See ECF No. 142-1.  Having reviewed these submissions, along with the entire record, the Court concludes that Hamel's apparent need for follow-up testing for ongoing issues with his throat, neck, and right hand neuropathy are not extraordinary and compelling reasons for an immediate sentence reduction or home confinement.[3]

Even assuming the Court were to find extraordinary and compelling reasons on the present record, the Court also must consider any applicable factors found in 18 U.S.C. § 3553(a).  Here, Defendant was found to be criminal history category V at his most recent revocation and has admitted that he was using and distributing oxycodone while on supervised release in 2020.  His medical records also reflect his initial need for medical care associated with his withdrawal from

---

[2] All facility COVID-19 statistics were obtained from the BOP's website. See https://www.bop.gov/coronavirus/ (last visited 8/10/2021).

[3] In reaching this conclusion, the Court notes that Hamel is apparently slated to be moved to a community confinement setting on or about October 12, 2021.  See ECF No. 142, PageID # 242.  Thus, any further delay in his follow-up care due to conditions at Berlin FCI will be limited.

heroin and cocaine upon his most recent arrest in October 2020.  See ECF No. 142-1, PageID #s 260-69.  In his most recent filing, Hamel explains the challenges he has faced participating in substance abuse treatment while on supervised release and during this current period of incarceration and suggests he could better access such treatment if he were on home confinement.  See ECF No. 142, PageID #s 241-42.  However, in the Court's view, Hamel's immediate release without having successfully completed substance abuse treatment would create a danger to the safety of the community.  See U.S.S.G. § 1B1.13(2) (requiring a determination that "the defendant is not a danger to the safety of any other person or the community" in connection with granting a sentence reduction); see also 18 U.S.C. § 3582(c)(1)(A).  Thus, on the record presented, the Court concludes that the § 3553(a) factors presently weigh in favor of not modifying Hamel's sentence to allow for his immediate release.

      Based on the Court's failure to find extraordinary and compelling circumstances, as well as the Court's consideration of the applicable § 3553(a) factors, the pending Renewed Motion for Compassionate Release (ECF No. 138) is hereby DENIED.

      SO ORDERED.

                                /s/ George Z. Singal
                                United States District Judge

Dated this 11th day of August, 2021.